UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

Charlese Graham,

Plaintiff,

v.

Case No. 2:12-CV-285 JVB

School City of Hammond, Indiana,

Defendant.

**OPINION AND ORDER**

In this lawsuit Plaintiff alleges that Defendant discriminated against her while she was employed as a Special Education Teacher and this treatment caused her to resign. Additionally, she alleges that Defendant provided references to other employers in a manner that prevented her from finding another job, thus violating Indiana Code § 22-5-3.

Defendant moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant contends the statute of limitations for both the federal and state claims has lapsed. Plaintiff counters that the statute of limitations did not start to run on the effective date of her resignation, but instead at the beginning of the following school year. This claim, if correct, would save § 1981claim.

**A.     Standard for Evaluating a Motion to Dismiss**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Challenger v. Ironworkers Local No. 1*, 619 F.2d 645, 649 (7th Cir.

1980). In assessing the propriety of dismissal under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true and in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).

A complaint is not required to contain detailed factual allegations, and a plaintiff's claims are subject to dismissal only if it is clear that he can prove no set of facts consistent with the allegations in the complaint that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007). The Court is not required to accept the plaintiff's legal conclusions. Pursuant to Rule 8(a)(2), a plaintiff must provide a ground to his entitlement to relief, which requires more than labels and conclusions. *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998). Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jefferson v. Ambroz*, 90 F.3d 1291, 1296–97 (7th Cir. 1996).

The statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). However, if a plaintiff's complaint shows that the suit is time-barred or otherwise without merit, he has pleaded himself out of court. *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). Accordingly, if a defendant correctly alleges that a suit is time-barred, and moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it is entitled to the requested relief. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

When considering a motion to dismiss under federal Rule of Civil Procedure 12(b)(6), a court is sometimes permitted to take judicial notice of matters outside of the pleadings. For instance, a court may take judicial notice of matters of public record without converting a motion

to dismiss into a motion for summary judgment. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (citing Fed. R. Civ. P. 12(d)). Additionally, a court is authorized to take judicial notice of facts that are "(1) not subject to reasonable dispute and [are] (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

**B.      Background**

Plaintiff was employed by Defendant as a Special Education Teacher from 2003 to June 5, 2008, and maintains that she held a tenured position.[1] (DE 8, Answer at 2.) Plaintiff submits that Defendant discriminated against her because of her race in two instances. First, Plaintiff contends she was unable to participate in a continuing education class in 2007 because of a lack of space in the class. (*Id*.) Plaintiff maintains that Defendant denied her the opportunity to attend continuing education because of her race. Next, Plaintiff asserts that she was unable to complete a required Indiana Department of Education qualifying exam because of a medical condition. (*Id*.) Plaintiff insists that Defendant failed to accommodate for her physical ailments, again because of her race, which prevented her from taking the qualifying exam. (*Id*.) Plaintiff insists that because of her inability to complete these two requirements, she was terminated from employment. (*Id*. at 2–3.) Additionally, Plaintiff maintains that, after terminating her, Defendant prevented her employment in other school districts by relaying to potential employers that she had "licensing issues." (*Id.* at 3–4.)

---

[1] Plaintiff's Complaint states that she was employed through May 2009. (DE 1, Compl. at 1.) Defendant, both in its Answer and Motion to Dismiss, maintains that Plaintiff was employed through June 5, 2008. (DE 8, Answer at 2.) Plaintiff concurs with the time provided by Defendant in its Response to Defendant's Motion to Dismiss. (DE 12, Resp. at 1.)

3

Defendant's Answer provides three challenges to Plaintiff's Complaint. First, Defendant responds that Plaintiff was never a tenured teacher because she held an emergency teaching permit, as opposed to a teacher's license provided by the State of Indiana. (DE 8, Answer at 2.) Next, Defendant maintains that Plaintiff was not terminated from her position. (*Id.* at 4.) Instead, she resigned from her position after she failed to secure a teaching license. (*Id.*) Finally, Defendant asserts the affirmative defense that both of Plaintiff's claims are time-barred by the applicable statute of limitations.

**C.    Analysis**

In its motion to dismiss, Defendant argues that Plaintiff's 28 U.S.C. § 1981 claim is time-barred by 28 U.S.C. § 1658.[2] Defendant is correct. Section 1658 applies to any claim "arising under" an act of Congress which was enacted after December 1, 1990. *See Dandy v. UPS*, 388 F.3d 263, 269 (7th Cir. 2004) (quoting *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004)). The 1991 Civil Rights Act amended § 1981 and created employment-related causes of action for hostile work environment, wrongful termination, and failure-to-transfer. *See Jones*, 541 U.S. at 383. Plaintiff's discrimination claim is employment related so it necessarily involves the § 1981 causes of action created by the 1991 Civil Rights Amendment. Accordingly, her claim is governed by § 1658 because it was in essence "enacted" by the 1991 Civil Rights Act. *See Dandy*, 388 F.3d at 269.

Plaintiff's § 1981 claim fails because it is time-barred by § 1658 and, therefore, must be dismissed. Defendant, with its Motion to Dismiss, provided a public record that shows Plaintiff resigned effective June 5, 2008. (DE 10, Ex. 5 at 13.) Plaintiff filed her Complaint on June 28,

---

[2] 28 U.S.C. § 1658 (2012) states in relevant part, "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section [enacted Dec. 1, 1990] may not be commenced later than 4 years after the cause of action accrues."

2012, more than four years after the alleged discriminatory conduct. (DE 1, Compl. at 1.) This period of time exceeds the statute of limitations proscribed by § 1658.

In her Response, Plaintiff contends that her case is not time-barred because she attempted to negotiate with Defendant during summer 2008 to resolve her licensing issue. (DE 12, Resp. at 1.) Plaintiff asserts that this negotiation period should "equitably toll" the statute of limitations and the statute of limitations period should have commenced at the start of the Fall 2008 school year, thereby saving her claim. (*Id*. at 2.)

Plaintiff's equitable tolling argument is without merit for two reasons. First, equitable tolling applies only if, despite all due diligence, a plaintiff is unable to obtain enough information to conclude that she has a claim. *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 396 (7th Cir. 2000). Here, Plaintiff does not contend that she was unable to obtain enough information to conclude if she had a claim. Second, an employee's pursuit of a claim through an employer's internal grievance process does not toll the limitations period. *Hendricks v. Ill. Dep't of Human Servs.*, 2003 U.S. App. LEXIS 22720, at *5 (7th Cir. 2003) (quoting *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)). Accordingly, the Court must dismiss the § 1981 claim as untimely.

The remaining Indiana Blacklisting Statute claim requires this Court to decide if it should exercise supplemental jurisdiction. District courts may exercise supplemental jurisdiction over state law claims when they are closely related to the federal claims presented to the court. 28 U.S.C. § 1367(a) (2012). However, when all federal law claims have been eliminated before trial and only supplemental state law claims remain, a district court has discretion to remand a properly removed case to state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court of Appeals for the Seventh Circuit has repeatedly stated its preference that district courts remand these cases. *See, e.g., Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008)

("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

Therefore, it is best for this Court to remand the Indiana Blacklisting Statute claim to state court. Plaintiff's blacklisting claim, raised pursuant to Indiana Code § 22-5-3, is not so entangled with the federal claim that the failure of § 1981 claim necessarily entails the failure of the state claim. Remand is also the proper course of action because the two claims arise out of different sets of facts. Plaintiff's § 1981 claim involves events occurring during her employment by Defendant. In contrast, the blacklisting claim arises out of events after her employment with Defendant ceased.

**D.  Conclusion**

The Court grants in part and denies in part the Defendant's Motion for Dismissal (DE 10). Dismissal is granted in favor of Defendant on all issues involving Plaintiff's § 1981 claim. The Court remands to Lake County Superior Court the remaining Indiana Blacklisting Statute claim.

SO ORDERED on October 19, 2012.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE